CORTIJO, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 1, Denying Admission to Record of a Cancellation of Mortgage.

No. 196.—Decided December 9, 1914.

MORTGAGE—CONJUGAL PARTNERSHIP—CANCELLATION BY HUSBAND WITHOUT CONSENT OF WIFE—RATIFICATION BY WIFE.—Cancellation of mortgage belonging to a conjugal partnership is not absolutely void when authorized by the husband alone without being joined by the wife. On the contrary, it is binding on the husband and his heirs and when ratified by the wife it is absolutely valid and may be recorded in the registry of property.

The facts are stated in the opinion.
*Messrs. Travieso, and Iriarte* for the appellant.
Mr. José S. Belaval, the registrar, did not appear.
MR. JUSTICE WOLF delivered the opinion of the court.

On October 23, 1912, Tomasa Cortijo, the appellant in this case, acknowledged that she owed to Ramón Valdés Cobián the sum of $500 which she had borrowed from him, and undertook to return the same with interest at the rate of 10 per cent per annum on October 13, 1913; and to secure this

obligation the said Tomasa Cortijo executed a voluntary mortgage on a piece of property of three acres, more or less, situated in the ward of Santurce, the description of which appears in the notarial deed executed at that time.

On October 22, 1913, Ramón Valdés, as attorney in fact of his father, Ramón Valdés Cobián, acknowledged having received from Tomasa Cortijo the $500 which had been secured by the mortgage aforesaid, and therefore the said attorney in fact gave a release (*carta de pago*) and totally canceled, or undertook to cancel, the mortgage securing the debt. This release and cancellation were set forth in deed No. 41 before Notary Celestino Iriarte, Jr.

When this deed was presented in the registry of property its record was denied for the reason assigned that the mortgage credit, which was sought to be canceled, belonged to the conjugal partnership existing between Ramón Valdés Cobián and his wife, Encarnación Cobián y Romeu, and that the latter had not given her consent for such cancellation; and a cautionary notice was inscribed in the registry for 120 days.

In order to cure the defect indicated in the note of the registrar, Encarnación Cobián, then widow of Ramón Valdés Cobián, on May 2, 1914, before the same notary, ratified, or attempted to ratify, the document whose record was refused. In the last-named document it was set forth that the said Encarnación Cobián, along with her son, Ramón Valdés, Jr., then attorney in fact of his father, received from Tomasa Cortijo the $500 secured by the mortgaged property hereinbefore referred to, and that therefore the said Encarnación Cobián executed in favor of Tomasa Cortijo the most solemn release, and she declared that the mortgage was totally canceled and that she desired that the record of such mortgage should be canceled in the registry of property.

When this deed attempting the ratification was presented in the registry of property the registrar denied the record on the ground that as the cancellation executed by the attorney in fact, Ramón Valdés, was utterly void, no one but the heirs

of Ramón Valdés could execute a release or a cancellation, and that the widow, Encarnación Cobián, could not execute such release or cancellation.

We agree that the deed first made by Ramón Valdés, Jr., as attorney in fact of his father, was insufficient for the purpose of the registration, inasmuch as it did not contain the consent of the wife of Ramón Valdés, Sr.; but we do not agree with the registrar that such deed was utterly void and incapable of ratification. So far as Ramón Valdés, Sr., was concerned, the deed was effective to prevent him or his heirs from raising any question of payment. Indeed, the doubt might arise whether Ramón Valdés, Sr., as administrator of the conjugal partnership, having received the $500 from Tomasa Cortijo, did not have a right to issue the release and cancellation, but it is not necessary for us to decide the question. However that may be, we think that the action of Ramón Valdés was binding on himself and on his heirs as a matter of fact, hence the deed was not utterly void and we think that the defect it contained was cured by the presentation, on the part of his then widow, of the deed of release and cancellation latterly denied record. The jurisprudence of this court is in accord with this idea.

In the case of *Ledesma et al.* v. *Agrait et al.,* 19 P. R. R., 541, the facts were that Silvestre Iglesias, as attorney in fact of Salvador Ledesma and as attorney in fact of his own wife, executed a deed of sale conveying to his wife his principal's interest in a certain house. After the sale Ledesma wrote to Iglesias approving the transaction. The sale was attacked as absolutely void in accordance with section 1362 of the Civil Code, because an agent could not acquire property from his principal. The court held that if the contract partakes of all the conditions set forth in section 1228 of the Civil Code, it is not absolutely void except for reasons which did not exist in the case of Ledesma and Agrait and do not exist here. The prohibition of section 1362 is as strong as the prohibition in section 1328, which prevents a husband from alienating

property without the consent of his wife. *Quiñones* v. *The Registrar of Property,* 20 P. R. R., 474, was a case where it was decided that a deed executed by a tutor without special judicial authorization was cured by an order of the court obtained *nunc pro tunc;* and in *Caballero et al.* v. *Pomales et al.,* 17 P. R. R., 691, it was held that an alienation made by the husband without the apparent consent of the wife could be remedied by a deed in which the wife expressed the fact that the deed made by her husband was executed with her consent.

For these reasons, and in the light of the precedents, the note of the registrar of June 3, 1914, must be reversed.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey, and Hutchison concurred.